**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIM. NO.: 1:08-cr-00018 |
| v. | ) | |
| | ) | |
| FRANKLIN XAVIER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Finch, Senior Judge

## I. Introduction

THIS MATTER comes before the Court on Defendant Franklin Xavier's Motion for Reconsideration of this Court's September 28, 2008 Order Denying Defendant's Motion to Suppress ("Motion for Reconsideration"). Defendant seeks reconsideration of the Court's order denying his motion to suppress on the basis that affidavits and other documents included with his Motion for Reconsideration show that the police recklessly or intentionally made false statements in the affidavit relied on by the Magistrate Judge in issuing the warrant. However, because Defendant fails to carry his burden to show that he had an expectation of privacy at the residence searched, No. 10 Estate Humbug, his Motion for Reconsideration must be DENIED.

## II. Background

On May 3, 2008 officers of the Virgin Islands Police Department executed a search warrant at No. 10 Estate Humbug. During the search, police seized a silver .38 Rossi revolver

from a bedroom. Defendant was subsequently charged with felon in possession and unauthorized possession of a firearm.

On August 19, 2008, Defendant filed a motion to suppress the firearm contending that the search warrant affidavit failed to establish probable cause and that the affiant, Officer Frankie Ortiz of the Virgin Islands Police Department, falsely stated that he (Franklin Xavier) resided at No. 63 Estate Upper Love and No. 10 Estate Humbug. On September 29, 2008, this Court denied his motion and his request for a *Franks* hearing on the basis that Defendant failed to show that the statements made by Officer Ortiz were deliberately false or were made in reckless disregard of the truth.[1] This Court also found that the warrant affidavit provided probable cause for the issuance of the warrant.

On November 19, 2009, Defendant filed a Motion for Reconsideration.[2] Defendant's Motion for Reconsideration reasserts that Officer Ortiz falsely stated that Franklin Xavier resided at No. 10 Estate Humbug and again requests a *Franks* hearing. This time, Defendant has submitted documents and affidavits that he contends show that he does not live at No. 10 Estate Humbug. Defendant has also submitted the affidavit of his father, Stanford Xavier, which essentially recants statements attributed to him in Officer Ortiz's affidavit. Defendant seeks to suppress "the evidence seized during the May 3, 2008 search of #10 Estate Humbug." (Motion for Reconsideration 2.) The Government opposes Defendant's Motion for Reconsideration on

[1] "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978).

[2] Brendacia Xavier, also a Defendant in this case, did not join in this motion.

the grounds that Defendant has not demonstrated that his Fourth Amendment rights were violated by the search of No. 10 Estate Humbug.

## III. Discussion

Before the Court can reach the issue of whether Defendant has made a substantial preliminary showing that the warrant affidavit contained a knowing or reckless false statement as required by *Franks*, the Court must first determine whether Defendant Franklin Xavier has "standing" to contest the search, *i.e.*, whether Defendant's Fourth Amendment rights have been implicated by the search.[3] *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008) ("Determining that a defendant has Fourth Amendment standing is a prerequisite to granting a motion for a *Franks* hearing." (citing *United States v. Elkins*, 300 F.3d 638, 645 (6th Cir.2002))).

The exclusionary rule prevents the government from using evidence obtained in violation of a defendant's Fourth Amendment rights. *Hudson v. Michigan*, 547 U.S. 586, 590 (2006). However, a defendant may only benefit from the exclusionary rule if his or her own Fourth Amendment rights were violated. *United States v. Salvucci*, 448 U.S. 83, 85 (1980); *United States v. Mark*, 2007 WL 2669576, at *4 (D.V.I. 2007). "Fourth Amendment rights are personal

---

[3] The term "standing" is somewhat of a misnomer. The Supreme Court has instructed courts to discard "reliance on concepts of 'standing' in determining whether a defendant is entitled to claim the protections of the exclusionary rule. The inquiry, after *Rakas*, is simply whether the defendant's rights were violated by the allegedly illegal search or seizure." *United States v. Salvucci*, 448 U.S. 83, 88, n.4 (1980). Courts in the Third Circuit recognize that the "standing inquiry, in the Fourth Amendment context, is shorthand for the determination of whether a litigant's Fourth Amendment rights have been implicated." *United States v. Mosley*, 454 F.3d 249, 253 (3rd Cir. 2006); *see also United States v. Johnson*, 584 F.3d 995, 999 (10th Cir. 1999) (noting that "Fourth Amendment standing" is "shorthand for a defendant's capacity to challenge a search"). However, because the Third Circuit continues to use the term "standing" in the Fourth Amendment context (*see e.g. Mosley*, 454 F.3d 249) this Court does as well.

rights, which, like some other constitutional rights, may not be vicariously asserted." *United States v. Baker*, 221 F.3d 438, 441 (3d Cir. 2000) (quoting *Rakas v. Illinois*, 439 U.S. 128, 133-134 (1978)). The exclusionary rule "has not been extended to benefit a defendant seeking to invoke the violation of a co-defendant's Fourth Amendment guarantees. The Supreme Court has incontrovertibly established that a defendant simply does not have standing to claim for her own defense a constitutional violation of another's Fourth Amendment rights." *United States v. Richardson*, 1 F. Supp. 2d 495, 496 (D.V.I. 1998) (citing *Alderman v. United States*, 394 U.S. 165 (1969)).

"Determining whether a plaintiff has standing to challenge a search equates to determining whether the plaintiff has a reasonable expectation of privacy in the property searched." *United States v. Varlack Ventures, Inc.*, 149 F.3d 212, 215 (3d Cir. 1998) (citing *Rakas*, 439 U.S. at 143). Standing to challenge a search requires that the party challenging the search have both an objectively and subjectively reasonable expectation of privacy in the property searched. *Baker*, 221 F.3d at 441 (citing *Rakas*, 439 U.S. at 143 and *California v. Greenwood*, 486 U.S. 35, 39, 108 (1988)). In other words, the Defendant must actually believe that he has an expectation of privacy, and this expectation must be the kind that "society is prepared to recognize as reasonable." *Rakas*, 439 U.S. at 143, n. 12.

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas*, 439 U.S. at 132, n.1; *United States v. Acosta*, 965 F.2d 1248, 1256, n.9 (3d Cir. 1992) (same); *United States v. Johnson*, 584 F.3d 995, 998 (10th Cir. 2009) ("The burden of proof is on the defendant to

demonstrate that he has a reasonable expectation of privacy in the place searched to establish his standing." (citation omitted)).

Ownership or the right to control property may establish that a party has a reasonable expectation of privacy. *Acosta*, 965 F.2d at 1252. Conversely, where the area searched is in the control of a third party, there is no legitimacy to a defendant's expectations of privacy. *Rakas*, 439 U.S. at 133-34; *Acosta*, 965. F2d at 1256 (holding that defendant had no legitimate expectation of privacy in backyard because lease did not grant defendant the right to use backyard); *Baker*, 221 F.3d at 441-42 ("[A] passenger in a car that he neither owns nor leases typically has no standing to challenge a search of the car."); *United States v. Moody*, 564 F.3d 754, 762 (5th Cir. 2009) ("[Defendant] is incorrect in his belief that he can challenge the warrant despite not owning, renting, or living in the home that was searched."). Similarly, in order for a defendant to establish a reasonable expectation of privacy in a searched room, he or she "must demonstrate that he or she shared dominion and control over the bedroom, that he or she had the right to exclude individuals from the bedroom, or that other indicia when measured by common sense establish that he or she had a privacy interest in the area." *Government of Virgin Islands v. Joseph*, Sup.Ct. Cr. No. 2002-298, 2002 WL 31941474, at *2 (V.I. Dec. 18, 2002) (citing *State v. Hill*, 127 Ohio App.3d 441, 447 (1998)).

The mere fact that a defendant has a familial relationship to the individual who owns or occupies the searched residence does not, by itself, confer on the defendant a legitimate expectation of privacy. Cases which have found standing for defendants related to or in a relationship with the occupant of the searched premises focus on facts showing that the defendant had an interest in the premises. *See e.g., United States v. Beckstead,* 500 F.3d 1154,

1164 (10th Cir. 2007) (finding no expectation of privacy in former girlfriend's apartment because "there is no indication [defendant] was living there or had spent an occasional night there."); *United States v. Fernandez*, 430 F. Supp. 794, 797 (C.D. Cal. 1976) (finding that son of lessee had expectation of privacy in searched apartment because defendant contributed money toward rent, visited premises, stayed overnight, kept a change of clothes and cooking utensils there, had physical access to apartment and was "free to come and go."); *United States v. Wilcox*, 357 F. Supp. 514, 518 (E.D. Pa. 1973) (finding a "sufficient interest in the premises" because "defendant had a key to the apartment, and he regularly visited his wife and two children there on weekends."); *State v. Austin*, 320 N.C. 276, 289 (1987) (defendant found to have expectation of privacy in searched premises because even though they were not married, "Susie and that defendant had resided there for five or six years, keeping all of his clothes there, eating and sleeping there, working in the yard, planting a garden, and receiving his mail there.").

Here, rather than show a legitimate expectation of privacy in the searched residence, Defendant has done just the opposite. Defendant's Motion for Reconsideration is premised on the notion that "he does not reside at # 10 Estate Humbug." (Defendant's Memorandum of Law in Support of Motion for Reconsideration 5.) Indeed, the affidavits and exhibits tendered by the Defendant are all offered to show that he did not reside at No. 10 Estate Humbug. While the searched residence may be the home of Defendant's wife, Brendacia Xavier,[4] Defendant offers no evidence from which this Court can deduce that he had possession, control, or dominion over No. 10 Estate Humbug. Defendant has not demonstrated that he actually believed that he had an

[4] Exhibit D to Defendant's Motion for Reconsideration is purportedly a copy of Brendacia and Franklin Xavier's License and Certificate of Marriage. It lists "#10 EST HUMBUG" as Brendacia Xavier's address.

expectation of privacy at the searched residence or that his expectation was the type that society is prepared to recognize as reasonable and has therefore failed to carry his burden of showing that the search of No. 10 Estate Humbug violated his Fourth Amendment rights. *Salvucci*, 448 U.S. at 85; *Rakas,* 439 U.S. at 132; *Acosta*, 965 F.2d at 1256 n.9.

The fact that Defendant is charged with unlawful possession of a handgun found at the searched premises does not establish that he had an expectation of privacy at No. 10 Estate Humbug. While at one point in the history of Fourth Amendment jurisprudence, a charge of a "possession" crime automatically conferred standing to object to a search, that is no longer the law. *Salvucci,* 448 U.S. at 92 ("We simply decline to use possession of a seized good as a substitute for a factual finding that the owner of the good had a legitimate expectation of privacy in the area searched."); *Beckstead*, 500 F.3d at 1164 (fact that defendant left a methamphetamine lab at searched premises was "insufficient to establish that he had a subjective expectation of privacy in [] apartment, let alone an expectation that society is prepared to recognize as objectively reasonable."); *United States v. Zermeno,* 66 F.3d 1058, 1061 (9th Cir.1995) (holding that "mere fact that [the defendant] stored contraband at the . . . residence is insufficient to establish that he had a legitimate expectation of privacy there").

## IV. Conclusion

Defendant Franklin Xavier has not met his burden of showing that he had a reasonable expectation of privacy at No. 10 Estate Humbug. Therefore, the Court DENIES his Motion for Reconsideration. Because Defendant fails to show that his Fourth Amendment rights were violated, the Court does not reach whether he has made the substantial preliminary showing

necessary to warrant a *Franks* hearing. An appropriate Order accompanies this Opinion.

ENTER:

Dated: February 2, 2010

______________/s/__________________
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE