IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | CRIM. NO.: 1:08-cr-00018 |
| v.  ) | |
| ) | |
| FRANKLIN XAVIER,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

## MEMORANDUM OPINION AND ORDER

Finch, Senior Judge

THIS MATTER comes before the Court on the Government's Motion to Introduce 404(b) Evidence against Franklin Xavier. Defendant Franklin Xavier is charged in a six count Indictment with Conspiracy to Possess a Firearm by a Felon (18 U.S.C. § 371, 922(g)(1) and 922(a)(2)), Felon in Possession of Firearm (922(g)(1) and 992(a)(2)), Unauthorized Possession of a Firearm (14 V.I.C. §§ 2253 and 11(a)) and Obstruction of Justice (18 U.S.C. § 1503). According to the Government, on or about May 3, 2008, a search warrant was executed at the home of Defendant Franklin Xavier and his wife, co-defendant Brendacia Xavier. During the search, a .38 caliber revolver was discovered in the closet of the bedroom they shared. Defendant Franklin Xavier is a convicted felon having been convicted of Attempted Murder and Unlawful Possession of Firearm in 1992 in Superior Court, St. Croix Division. *See United States v. Xavier*, 2 F.3d 1281 (1993). The Government seeks to introduce evidence of the facts underlying Defendant's 1992 conviction as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Defendant opposes such admission,

1

arguing that the Government has not shown a chain of logical inference between the 1992 convictions and the present charges.

*In Huddleston v. United States*, 485 U.S. 681 (1988), the Supreme Court established "a four-part test for admission of Rule 404(b) evidence: (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted." *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003). The first element of this test requires that the government "clearly articulate how that evidence fits into a chain of logical inferences" to prove one of the enumerated 404(b) factors. *Id*. The government may not offer evidence to demonstrate "a mere propensity to commit crime now based on the commission of crime then." *Id*. (citing *United States v. Mastrangelo*, 172 F.3d 288, 295 (3d Cir.1999)). "[W]here the evidence only goes to show character, or that the defendant had a propensity to commit the crime, it must be excluded." *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992).

Here, the Government has not clearly articulated how the facts underlying Defendant's 1992 convictions are relevant to proving that he committed offenses charged in this indictment. A laundry list of the enumerated 404(b) uses, such as the one included with the Government's motion, is insufficient to demonstrate that the evidence has a proper purpose. *Sampson*, 980 F.2d at 888 ("a mere list of the purposes found in Rule 404(b) is insufficient."); *see also United States v. Morley*, 199 F.3d 129, 133 (3d Cir.1999) ("a proponent's incantation of the proper uses of such evidence under the rule does not magically transform inadmissible evidence into admissible evidence."). While Defendant's 1992 conviction and this case both involve a firearm, that sole

2

similarity, by itself, is insufficient to provide the necessary linkage. *See United States v. Williams*, 458 F.3d 312, 318 (3d Cir. 2006) (finding 404(b) not satisfied because "[t]here is no evidence that [Defendant's co-arrestee] was arrested with the same model or in the same location, or that the two crimes share any facts in common other than that they both involved a gun."); *United States v. Spencer*, 1 F.3d 742, 745 (9th Cir.1992) (holding that companion's prior bad act of "[h]iding a gun under a car seat is not a distinctive crime, and cannot be used to satisfy the 'identity' exception to Rule 404(b)"). The Government has failed to demonstrate a proper chain of logical inferences and, therefore, has not satisfied the criteria for admission of prior bad acts under Rule 404(b) of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby

**ORDERED** that the Government's Motion to Introduce 404(b) Evidence is **DENIED**.


ENTER:


Dated: March 17, 2010   _____/s/_____
                        HONORABLE RAYMOND L. FINCH
                        SENIOR U.S. DISTRICT JUDGE