## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA**,  ) | Criminal No. 2008-018 |
| Plaintiff/Respondent,  ) | |
| ) | Ref.:   Civil No. 2012-067 |
| v.  ) | |
| ) | |
| **FRANKLIN XAVIER**,  ) | |
| Defendant/Petitioner.  ) | |
| _____ ) | |

**APPEARANCES:**

**Alphonso Andrews, Jr., AUSA**
United States Attorney's Office
St. Croix, U.S. Virgin Islands
  *For the United States of America*,

**Franklin Xavier**
Register No. 02274-094
  *Pro se Petitioner*.

## MEMORANDUM OPINION

**FINCH, Senior Judge.**

Before the Court for consideration is Petitioner Franklin Xavier's ("Xavier") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the United States of America's (the "Government") opposition thereto, and Xavier's reply.  (*See* ECF Nos. 322, 359, 360.)   For the reasons set forth below, Xavier's Section 2255 motion will be denied.

A district court must hold an evidentiary hearing on a § 2255 motion when the files and records of the case do not conclusively show that the petitioner is not entitled to relief.  *See United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005) (citing *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)); *see also United States v. Dawson*, 857 F.2d 923 (3d Cir. 1988) (articulating the standard in determining when a movant is entitled to an evidentiary hearing); *see*

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 2

*also* Rules Governing § 2255 Proceedings, Rule 8(a). With this standard in mind, the "district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000). The district court, however, without further investigation may dispose of "vague and conclusory allegations contained in a § 2255 petition." *Id.* Because the record in this case conclusively demonstrates that Xavier is not entitled to relief, an evidentiary hearing is not required.

I. **FACTS AND PROCEDURAL BACKGROUND**

As the parties are familiar with the underlying facts of this case, only those facts relevant to this discussion will be recited. On or about May 3, 2008, a search warrant was executed at the home of Xavier and his ex-wife, codefendant Brendacia Xavier ("Brendacia"). During the search, a .38 caliber Rossi revolver was discovered in the closet of the bedroom they shared. In a bifurcated trial,[1] Xavier was convicted of unauthorized possession of a firearm in violation of 14 V.I.C. §§ 2253(a) and 11(a) (Count 9) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(2) (Count 7).[2] Xavier was sentenced to a term of incarceration of fifteen (15) years on Count 9 with a fine of Twenty-Five Thousand Dollars ($25,000), and ten (10) years on Count 7, both counts to be served concurrently. (*See* ECF Nos. 281, 282, 287.) He appealed.

---

1 The charges against Xavier are set forth in a Second Superseding Indictment (the "Indictment") filed on April 30, 2009. (*See* ECF No. 96.)

2 Xavier is a convicted felon having been convicted of attempted murder and unlawful possession of firearm in 1992 in Superior Court of the Virgin Islands, Division of St. Croix. *See United States v. Xavier,* 2 F.3d 1281 (3d Cir. 1993).

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 3

      Xavier raised five (5) issues before the Court of Appeals for the Third Circuit ("Third Circuit"). First, that the trial court erred by allowing into evidence testimony from the Government's witness, Brendacia, that she was afraid of Xavier; Xavier was on probation; Xavier had threatened to shoot her; and Xavier was not afraid to use his gun. Second, that the trial court committed reversible error by stating to the defense counsel in front of the jury, "If you get into it, remember my admonition . . . I'll allow the whole ball of wax to come in" regarding defense counsel's questioning of the Government's witness as to a firearm seized from the witness's car on January 25, 2008. Third, that the trial court committed plain error by admitting evidence that appellant had previously brandished a gun at a gas station and fired three shots in response to a comment from another person. Fourth, that following the jury's guilty verdict of unauthorized possession of a firearm, the trial court committed reversible error by disclosing to the jury the general character of Xavier's prior felony convictions. Fifth, that the trial court improperly enhanced Xavier's sentence for violation of 14 V.I.C. § 2253(a) because the government did not fulfill the procedural requirements of 14 V.I.C. § 62. The Third Circuit affirmed Xavier's judgment of conviction entered in this Court on December 8, 2010. *United States v. Xavier*, 483 Fed. App'x 754 (3d Cir. 2012). Xavier's timely Section 2255 motion followed.

      **DISCUSSION**

      In the instant Section 2255 motion, Xavier argues that he was deprived of his Sixth Amendment right to effective assistance of counsel: (1) for failing to subpoena the Government's

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 4

DNA[3] expert; (2) for failing to properly *voir dire* and object to the Government's key witness; (3) for failing to object to the disclosure of his prior felony conviction to the jury; (4) for failing to object to the admission of a prior incident on January 25, 2008 where Xavier brandished and discharged a gun at a gas station; (5) for failure to object to Brendacia's testimony that he threatened to kill her and her family if she testified against him; (6) for failing to object to the enhancement of his sentence under 14 V.I.C. § 62; and (7) for failure to cross examine the Government's witness.

    A.  **Applicable Law**

A writ of habeas corpus is an extraordinary form of relief and is granted only to remedy constitutional error. *See Brecht v. Abrahamson*, 507 U.S. 619, 623, 633-34 (1993). As such, a petitioner seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 motion must establish that there was an error of a constitutional magnitude which had a "substantial and injurious effect or influence" on the proceedings. *See Fry v. Pliler, 551 U.S. 112, 116 (2007); see also Mota v. United States*, CV. No. 2004-071, 2009 WL 1468472, at *1 (D.V.I. May 26, 2009). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979).

To prevail on a claim of ineffective assistance of counsel, a defendant must affirmatively show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668,

---

[3]     "DNA stands for deoxyribonucleic acid. DNA molecules carry the genetic information of human beings. DNA is unique to each individual, except in the case of identical twins." *United States v. Mitchell,* 652 F.3d 387, 390 n.1 (3d Cir. 2011) (quoting *United States v. Sczubelek,* 402 F.3d 175, 181 n. 2 (3d Cir. 2005)).

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 5

687-88 (1984). That is, Xavier must first show that considering the facts of the case, his counsel's challenged actions were unreasonable. *See id.* at 690. The Court must review Xavier's claims under the "presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. Second, Xavier must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[A] probability sufficient to undermine confidence in the outcome" constitutes a reasonable probability, and "the totality of the evidence" must be considered. *Id.* at 694-95. In applying *Strickland*, "the court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002); *see also Strickland*, 466 U.S. at 689 (holding that "the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [it] is simply to ensure that criminal defendants receive a fair trial).

    **B. Analysis**

    **1. Failure to subpoena the Government's DNA expert.**

Xavier asserts that his trial counsel, Amelia B. Joseph, Esq. ("Attorney Joseph" or "counsel"), provided ineffective assistance in failing to subpoena the Government's DNA expert.

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 6

This failure, Xavier asserts, precluded the admission of expert testimony that would have contradicted the testimony of the Government's key witness, Brendacia.

At trial the defense called Dr. Dan Krane ("Dr. Krane"), a DNA expert, in its case-in-chief. The defense's DNA expert did not conduct DNA tests of his own. Instead, the defense intended to use its DNS expert to impeach the Government's first DNA report which did not exclude Xavier as a contributor, and to state that the second DNA report which excluded Xavier as a contributor, was consistent with Xavier not having come in contact with the gun. The Government decided not to call its DNA expert and the reports were not admitted into evidence. Therefore, the defense was unable to lay a foundation for the admission of the Government's DNA report and the Government objected to Dr. Krane's testimony regarding the Government's DNA reports.

Shortly after the return of the guilty verdict on possession of a firearm, Attorney Joseph sought to make an oral Section 2255 motion based on her own performance when she stated as follows:

> MS. JOSEPH: Your Honor, well, I might as well do it now, because I don't know if the time was right, never done one before, but I'm going to make a motion now.
> It's come to my attention that during this trial, I made a colossal error that's going to [a]ffect my client. And I would like to do a verbal motion right now, 2250 [sic] motion, and ask that I be withdrawn, and that another counsel, the Public Defender, Federal Public Defender, be appointed so that a record can be established below, because I should have subpoenaed the government's witnesses, and that I didn't. And I made a big mistake. . . . [A]nd I think I caused my client to be convicted.
> And for those reasons, I'd like to file a motion against myself and ask that I be removed, and allow the Federal Public Defender to come before you with a hearing so we can make a record for the Third Circuit.


*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 7

      MR. RIKHYE: Judge, I think that motion is untimely. The jury has rendered a verdict on one count. They're about to render a verdict on the second count. That verdict is final. And our business before Your Honor is complete as soon as we get that second verdict. Whatever appellate rights the defendant might have, he will have the option to exercise those rights at the appropriate time. But the jury has rendered a verdict, and that verdict is final.

      THE COURT: The motion is untimely. I think what you are looking at in terms of a motion, and this is thinking off the top of my head, is something akin to a new trial for the reason of ineffective assistance of counsel, but that would have to come post trial, after a verdict. After all the verdicts have been completed by the jury. So that for our purposes, at this time, I will deny the motion.

(*See* Gov't's Opp'n to Mot. to Vacate, ECF No. 359, Exs. 1M, 1N.) Then, in a July 21, 2011 letter to Xavier, Attorney Joseph states in pertinent part that:

      I want you to know that I am no longer your attorney, but that will not stop me from assisting your new attorney in your appeal, specifically the issue regarding the DNA expert and my failure to subpoena the government's DNA expert or anticipate that the government might not call the expert to testify. Your new attorney will need my affidavit on his appeal and if there is a hearing on the issue, they will need my testimony, which I will freely give.

(Section 2255 Mot. to Vacate, ECF No. 322-3 at 3.) As stated in her letter, Attorney Joseph submitted her February 10, 2012 Affidavit in Xavier's then pending appeal (3d Cir. No. 10-4671) before the Third Circuit. Attorney Joseph's Affidavit states as follows:

I, Amelia B. Joseph, Esq., being duly sworn, deposes and states the following:

1. The undersigned counsel was appointed to represent the appellant Franklin Xavier on June 4, 2008, pursuant to the Criminal Justice Act (CJA).
2. The government hired DNA Labs to conduct a DNA test on the Rossi revolver the defendant is accused of possessing, which indicated that the defendant's DNA profile was excluded as a contributor.
3. The undersigned counsel hired her own DNA expert.
4. The undersigned counsel failed to subpoena the government's DNA expert.
5. The government did not call their DNA expert to testify.

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 8

> 6. The undersigned counsel was unable to get the DNA Lab Report indicating that the defendant's DNA was excluded as a contributor admitted into evidence through the defendant's own expert.
> 7. The undersigned counsel's failure to get the DNA Lab Report admitted was not due to a strategical [sic] decision.

(*Id.*, ECF No. 322-3 at 1.)

The Government argues that Attorney Joseph's motivation for not subpoenaing the Government's expert is questionable -- claiming to be caught off guard during the presentation of the Government's case-in-chief. The Government states that it is unclear whether Attorney Joseph sought a strategic advantage by waiting for the Government to call its expert so counsel could impeach him. The Government argues that Xavier has not met his burden on the first *Strickland* prong, but even assuming arguendo that deficient performance was established, such performance did not prejudice Xavier for three (3) reasons. First, Xavier's notice of expert testimony, indicated that his expert would: 1) impeach the first DNA Lab Report prepared by the Government's expert (which did not exclude Xavier as a contributor to DNA lifted from the firearm); and 2) opine that the Government expert's second DNA Lab Report (which excluded Xavier as a contributor) was consistent with Xavier not having come in contact with the firearm. (*See* Gov't's Opp'n to Mot., to Vacate, ECF No. 359, Exs. 1A to 1E, 1O, 1P.) The Government argues that if Xavier had called the Government's expert, his testimony would be subject to exclusion on grounds that the defense was calling him solely to impeach him. Second, the Government's DNA expert would be impeached by virtue of his reaching two conflicting conclusions (*i.e.*, one stating Xavier could not be excluded as a DNA contributor and one stating he is excluded). Third, testimony by Xavier's expert that the Government expert's second report,

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 9

which excluded Xavier as a DNA contributor is consistent with Xavier not having come in contact with the firearm, would carry little weight. This assertion, the Government contends, is supported by the fact that both experts would have to admit that the report is also consistent with Xavier making contact with the firearm and then wiping it clean as testified to by Brendacia. Moreover, both experts would also have to admit that not every contact with a firearm results in the transfer of DNA onto the firearm. Therefore, the excluded evidence/testimony would not have contradicted Brendacia's testimony which the jury found credible. Accordingly, the Government argues that Xavier has failed to establish that but for his counsel's failure to subpoena the Government's DNA expert, the result of the proceedings would have been different.

    At trial the jury was instructed as to the elements of the offense in Count 9:

> To sustain its burden of proof for the crime of unlawful possession of a firearm, the Government must prove the following three (3) essential elements beyond a reasonable doubt:
>
> (1) the defendant knowingly possessed, actually or constructively, a Rossi, Model 352 .38 caliber handgun, serial number XC71548, on May 3, 2008; and
>
> (2) that firearm was operable; and
>
> (3) the defendant was not authorized to possess that firearm, that is, he was not licensed to possess that firearm.

(Jury Charge, ECF No. 223 at 29.) Xavier's challenge to Attorney Joseph's failure to subpoena the Government's DNA expert witness is tied to the first element, possession. Where, as here, Xavier's claim can be disposed of due to the absence of prejudice, the Court will consider the prejudice prong first. *See United States v. McCoy*, 410 F.3d 124 (3d Cir. 2005) (citing *McAleese v. Mazurkiewicz*, 1 F.3d 159, 170 (3d Cir. 1993) ("Indeed, this Court has read *Strickland* as

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 10

requiring the courts to decide first whether the assumed deficient conduct of counsel prejudiced the defendant."). In *McAleese* the Third Circuit noted the Supreme Court's observation that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 171 (quoting *Strickland*, 466 U.S. at 697).

With no foundation having been laid for questioning Dr. Krane regarding the Government's DNA reports, the Government's effectively stymied the defense's strategy regarding the DNA reports. (*See* ECF No. 296 at 144-45.) However, even without the DNA report and testimony, the jury heard Brendacia testify that: (1) she and Xavier were sleeping in her bedroom when the police came to the house with a search warrant for guns, (s*ee* ECF No. 295 at 41-42); (2) the revolver found in the bedroom closet belonged to Xavier, (s*ee id*. at 43); (3) Xavier used to make his wife carry the gun when they went out, (s*ee id*.); (4) Xavier routinely cleaned the gun and wiped it down, (s*ee id.* at 44); and (5) the night before the police came to the house, Xavier told Brendacia that he had put the gun in the closet where the police found it the next morning, (s*ee id.* at 43). Thus, there was sufficient evidence on the first element, without DNA evidence, to prove Xavier guilty of possession of a firearm when considered along with other evidence presented at trial in support of the two remaining elements of the offense. Therefore, looking at the totality of the evidence, Xavier has failed to prove that there is a reasonable probability that, but for Attorney Joseph's unprofessional errors, the result of the proceeding would have been different.

**2. Failure to properly *voir dire* and object to the Government's key witness.**

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 11

On appeal, Xavier argued that the trial court erred in allowing Brendacia to testify that she was afraid of him; he was on probation; he threatened to shoot her; and that he was not afraid to use his gun. However, as the Third Circuit noted that:

> Defense counsel, not the government, elicited this testimony during the *voir dire* of [Brendacia] to determine her competency for laying a foundation for the admission of the firearm. After eliciting this testimony, defense counsel did not object.
> This testimony was invited by appellant's trial counsel's *voir dire* of the witness. Because invited error cannot be the basis for reversal, any error in admitting this evidence is not "obvious under current law." As a result, its admission does not constitute plain error and it cannot be a basis for reversal of appellant's conviction.

*Xavier*, 483 Fed. App'x at 756.) Now, in the instant section 2255 motion, Xavier asserts that Attorney Joseph failed to "fitly" *voir dire* Brendacia when she asked, "How do you know that is the same gun?" (Trial Tr., ECF No. 295 at 45.) The following colloquy took place:[4]

> [THE WITNESS (Brendacia)]: I know that's the same gun because that's the same gun Frankie has had for years. That is the same gun that he used on different occasions in my presence. That is the same gun he has cleaned in front of me numerous times. That is the same gun he has asked me to carry on me numerous times. That is the same weapon that he has pointed at my head –
>
> MS. JOSEPH: Objection.
>
> . . . .
>
> THE COURT: Overruled. Proceed. Go ahead. You finished, ma'am? Are you finished?
>
> THE WITNESS: No, I'm not.
>
> THE COURT: Go ahead.
>
> A. That is the same weapon he has had loaded, pointed at my head and threatened to

---

4    Brendacia sometimes refers to Franklin Xavier as "Frankie" in her testimony.

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 12

> shoot me with on more than one occasion. So I know that gun.
>
> Q. Did you make a police report?
>
> A. I made a police report in 2007 against Frankie and told them that he has a gun and he's not afraid to use it, and they did nothing. I gave a report to his probation officer, and they didn't do anything. I was and am still in fear of my life from Frankie.

(*Id.*, ECF No. 295 at 46-47.) The Government argues that Attorney Joseph's question could well have been a strategic attempt to confuse the witness or otherwise show that she is not credible, and her failure to achieve the desired result does not equate to deficient performance.

Claims that counsel failed to adequately cross-examine a witness are analyzed to see whether the alleged deficiency was part of a reasonable trial strategy. *See United States v. Berryman,* 100 F.3d 1089, 1098–99 (3d Cir. 1996). "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment. *Strickland*, 466 U.S. at 681. As the Third Circuit noted, Attorney Joseph elicited this testimony to determine Brendacia's competency for laying a foundation for the admission of the firearm. *See Xavier*, 483 Fed. App'x at 756. "A fair assessment of attorney performance requires that every effort be made to eliminate distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Having reviewed the record, the Court cannot find that Attorney Joseph's question to Brendacia was anything other than a strategic choice that failed, but her assistance does not fall below an objective standard of reasonableness. Having failed on one *Strickland* prong, the Court need not proceed further on this issue. *See*

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 13

*Strickland,* 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

### 3. Failure to object to the disclosure of his prior felony conviction to the jury.

Xavier asserts that Attorney Joseph provided ineffective assistance in failing to object to the disclosure to the jury of the nature of his prior felony conviction. The Government argues that the parties entered into a stipulation regarding Xavier's prior convictions. Therefore, even if the "nature" of the conviction had not been revealed, the jury would still have convicted him for having a prior conviction. As such, Xavier suffered no prejudice. The Government is correct.

This was a bifurcated trial. As such, following the jury's guilty verdict on the firearm possession charge, the jury then had to determine whether Xavier was guilty of being a felon in possession of a firearm. Xavier conceded to his prior conviction by entering into a stipulation regarding that fact. The Court read the entire stipulation into the record, stating in pertinent part that Xavier had been "convicted of the following felony offenses: . . . crimes of attempted murder, possession of a firearm during a crime of violence, assault in the third degree, and felon in possession of a firearm. . . ." *See Xavier*, 483 Fed. App'x at 757. The Court also read the remaining felon in possession charge from the Indictment, which named the crimes in the stipulation, and instructed the jury on how to use evidence of prior convictions. This issue lacks merit and the Court simply cannot find prejudice to Xavier due to Attorney Joseph's failure to object to the disclosure of the nature of his prior conviction.

### 4. Failure to object to the admission of a prior incident on January 25, 2008.

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 14

At trial Brendacia testified that on January 25, 2008 (the "January 25th incident") she drove a vehicle to a gas station where appellant fired a gun, the same one retrieved from Xavier's home. Xavier asserts that Attorney Joseph's assistance was deficient in failing to object to the admission of the January 25th incident which occurred approximately four (4) months before the charged offense. The Government argues that failure to object to evidence previously ruled admissible by the Court cannot be deficient performance.

Prior to trial, the Court held that the evidence of the January 25th incident was admissible because it was inextricably intertwined with the events surrounding the charged crime. The Third Circuit found no plain error in its admission, stating:

> The government needed to show the firearm's operability and [Xavier's] constructive possession of the firearm. Evidence that he physically possessed the firearm and fired it in the past, therefore, directly proves the charged crime. In closing, the government highlighted this evidence as proof of these elements of the crime, not as proof of character. Further, the court instructed the jury that ". . . you are to consider only the offense charged and you are not to base your decision on any act or any conduct that is not specifically charged in this indictment."
>
> As a result, it is not "obvious under current law" that this evidence is irrelevant to prove appellant's intent or the firearm's operability as required by the statute or that it is unduly prejudicial, particularly in light of the limiting instruction.

*Id*. (internal citation omitted). Having reviewed the record, the Court finds that Xavier has failed to affirmatively show that Attorney Joseph's allegedly deficient performance in not objecting to the January 25th incident prejudiced the defense.

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 15

### 5. Failure to object to Brendacia's testimony that Xavier threatened to shoot her and her family if she testified against him.

Defendant raised this argument as part of issue four (4),[5] but the Court will address it separately. In the Government's direct examination, Brendacia was asked, *inter alia*, "Have you been in contact with Mr. Xavier over the past months?" (Trial Tr., ECF No. 295 at 29.) She replied that she had been in contact, and the following colloquy ensued:

> Q. What kind of contact?
> A. He's been calling me.
> Q. How often has Mr. Xavier been calling you?
> A. Sometimes between 15 to 20 times a day.
> Q. Okay. Have you called him at all?
> A. At least three or four times, to see what he wanted.
> Q. During these phone calls, has Mr. Xavier said anything to you in relation to this case?
> A. Yes.
> Q. What did he say to you in relation to this case?
> A. He's been trying to talk about the case, and strategy, and trying to give me pointers, and give me questions so that my attorney can ask.
> Q. And has he said anything else to you about this case?
> A. He has told me that if I testify against him, that he would have me killed, and my family killed.

(*Id.*, ECF No. 295 at 29-30.) Attorney Joseph did not object. Xavier asserts that he was unfairly prejudiced by Attorney Joseph's failure to object to Brendacia's testimony that he threatened to kill her and her family. The Government argues that such testimony is admissible as consciousness of Defendant's guilt, and failure to object to admissible evidence cannot be deficient performance. (*See* Gov't's Opp'n to Mot. to Vacate, ECF No. 359 at 7.)

---

5   (*See* Section 2255 Mot. to Vacate, ECF No. 322 at 23.)

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 16

Unlike the testimony discussed on Section 2 *infra*, the testimony in question here was not invited by defense counsel. However, as stated in Section 1 *infra*, there was sufficient evidence to prove Xavier guilty of possession of a firearm. Therefore, looking at the totality of the evidence, Xavier has failed to demonstrate that there is a reasonable probability that the result of the proceeding would have been different had Attorney Joseph objected to Brendacia's testimony. Having failed on the prejudice prong, Xavier cannot succeed on this claim of ineffective assistance under *Strickland*.

**6. Failure to object to the enhancement of his sentence.**

Xavier asserts that Attorney Joseph failed to object to the enhancement of his sentence under 14 V.I.C. § 62. The Government argues that Xavier's sentence was enhanced based upon the specific provisions of 14 V.I.C. § 2253(a), not Section 62.

In response to Xavier's argument that the trial court improperly enhanced his sentence for violation of Section 2253(a)**,** the Third Circuit held that:

> There is no plain error in the district court's imposition of an enhanced sentence for appellant's violation of 14 V.I.C. § 2253(a). It is not "obvious under current law" that the criterion for sentence enhancement in 14 V.I.C. § 62 are applicable to sentence enhancement for a violation of 14 V.I.C. § 2253(a). Section 2253 is a separate section of the statute from 14 V.I.C. § 62, pertains specifically to firearms possession, and provides its own criterion for sentence enhancement.
>
> Furthermore, Xavier received ample notice that he faced an enhanced sentence under Section 2253(a). The enhancement was mentioned in the Pre–Sentence Report, which also listed appellant's prior convictions. Additionally, the trial court ordered both parties to brief the issue of whether the 15–year sentencing provision applied to appellant. In light of these facts, a due process violation is not "obvious under current law." There is no plain error in imposing the sentence enhancement.

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 17

*Xavier*, 483 Fed. App'x at 758 (internal citation omitted). This Court iterates the Third Circuit's holding and finds that Xavier's argument fails. Attorney Joseph did not perform fell below an objective standard of reasonableness in not objecting to the Government's failure to comply with an inapplicable statute, Section 62. Thus, Xavier fails to meet his burden under the first *Strickland* prong.

### 7. Failure to cross-examine Brendacia, the Government's key witness.

Xavier asserts that the defense was not allowed to cross-examine Brendacia on her description of the .38 caliber firearm and testimony that the firearm in question belonged to Xavier. The Government argues that Xavier's assertion is unintelligible, because Attorney Joseph did in fact cross-examine Brendacia. Without need of discussion, the Court finds Xavier's assertion without merit. (*See* Trial Tr., ECF No. 295 at 45-51.)

## II. CONCLUSION

For the reasons stated, the Court will deny Xavier's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2255(c)(2). There being no "substantial showing" that Xavier's constitutional rights were violated, a certificate of appealability will not be issued. *See United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2011). An appropriate order follows.

*United States v. Xavier*
Criminal No. 2008-018
Civil No. 2012-067
Memorandum Opinion
Page 18

**Date:**   August 2, 2013                                  **E N T E R:**

/s/ Raymond L. Finch

_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**